## Chojnacki Estate (No. 2)

*J. S. Jiuliante, Sr.* and *Peter G. Schaaf*, for Commonwealth.

*Arthur E. Ashton* and *W. Louis Schlesinger*, for Veterans Administration.

*Joseph F. Mackrell*, guardian, p.p.

ROBERTS, P. J., August 12, 1958.—The Commonwealth in this proceeding seeks reimbursement for the full cost of current maintenance of an incompetent veteran as a patient in a State institution. The veteran is the beneficiary of a nonservice-connected disability

pension from the United States Government, in the monthly amount of $78.75. The full cost of maintenance varies and is now approximately $4.45 a day. Payment at that rate is demanded from the funds in the hands of the guardian. The Veterans Administration interposes no objection to payment by the guardian of not more than $40 a month towards the cost of maintaining the incompetent pensioner. It does, however, oppose payment in excess of that amount, contending that the difference between the partial reimbursement to the Commonwealth of $40 per month and the veteran's total monthly benefits should be retained in his estate to provide for his incidental needs as a patient, and to accumulate a fund to be used for his future welfare and rehabilitation in the event of his discharge from the Commonwealth's hospital.

In an earlier proceeding involving this incompetent the Commonwealth sought reimbursement for its cost of his care prior to the appointment of his guardian. In refusing to direct the guardian to make the payment requested out of funds obtained as Federal pensions, we there said: ". . . that funds derived from Federal pension payments constitute a distinct kind of property created with an exemption, which completely protects such funds during the lifetime of the veteran from the claims of all creditors, State or otherwise, except claims of the United States specified in the act": Chojnacki Estate (No. 1), 13 D. & C. 2d 152. We based this conclusion on the language of the act, which provides, inter alia: "Payments of benefits . . . made to, or on account of, a beneficiary . . . shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary": Pub. L. 85-56, Title

X, §1001, June 17, 1957, 71 Stat. 122; 38 U.S.C.A. §3001. See also 38 U.S.C.A. §454a.

We must now determine whether payment covering the Commonwealth's full cost of curently maintaining the veteran is to be directed from pension funds in the hands of the guardian. The answer rests upon the unique nature of the fund and the statutory protections accorded such benefits during the lifetime of the veteran. It is clear that pension benefits paid by the Veterans Administration to a veteran for total non-service-connected disability are a governmental gratuity, and the grant of such allowance to the veteran creates no vested right. The gratuity ". . . may be redistributed or withdrawn at any time in the discretion of Congress": Lynch v. United States, 292 U. S. 571, 577. Careful consideration of the special nature of the gratuity itself and the statutory exemptions created for the protection of such funds during the lifetime of the veteran and the applicable provisions of the regulations of the Veterans Administration, convinces us that the Commonwealth may not now compel satisfaction of its claim for the full cost of maintenance out of the proceeds of pension funds in the hands of the guardian.

Both the State and Federal governments have assumed certain responsibilities for the welfare of an incompetent veteran. Within their respective exclusive areas each is supreme, and neither may successfully require the other to render services or make contributions beyond those which are lawfully mandated by their respective governing authorities.

The Commonwealth has undertaken to make available to this incompetent citizen the hospitalization which he is presently receiving. This care he is entitled to receive, irrespective of his inability to make payment and without reference to whether he is the recipient of a Federal disability pension. The Federal

government has and is providing the incompetent veteran with a gratuitous monthly allowance all or any part of which ". . . may, in the discretion of the Administrator, be paid to the chief officer of the institution wherein the veteran is being furnished . . . treatment or care, to be properly accounted for by such chief officer and to be used for the benefit of the veteran": Pub. L. 85-86, Title XV, §1503, June 17, 1957, 71 Stat. 137 ,38 U.S.C.A. §3503(b) (3). See also 38 U.S.C.A. §739.

It is apparent that the Veterans Administration, in the exercise of its discretion, is vested with the responsibility for determining the amount to be used or paid on account of his maintenance. Here the Veterans Administration has determined that not more than $40 per month shall be so used. The determination of the portion of the monthly gratuity to be used for the pensioner's maintenance is exclusively a Federal matter, and when properly made by the Veterans Administration, is binding upon all concerned. The Commonwealth, through its Department of Welfare, has in effect, acquiesced in this practice. The Secretary of Welfare, by Executive Office Memorandum 1955-29, dated August 1, 1955, a copy of which is annexed, advised superintendents of State mental hospitals to comply with instructions given by the Veterans Administration ". . . as to the amounts which are to be used solely for the purchase of clothing and incidentals and the amount which may be applied to the cost of care and maintenance." It should perhaps be noted that while the Secretary's memorandum refers to instances "Where an incompetent veteran without a guardian is hospitalized in a State mental institution . . .", so far as the payment of cost of care is concerned from Federal pension funds, the presence or absence of a guardian is immaterial. In our view,

the pension proceeds in the hands of the guardian are no less protected from the claims of creditors than are such funds not subject to guardianship.